UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT R. LANE, | ) | CASE NO. 5:21-cv-1377 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| DAVE GREEN, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Vincent R. Lane ("Lane" or "plaintiff") filed this action under 42 U.S.C § 1983 against Oriana House and Instructor Dave Green ("Green") (collectively, "defendants"). In the complaint, plaintiff alleges Green repeatedly asked him to leave a class and then wrote him up for violations. Lane also claims Oriana Staff denied him insulin. He claims these actions violated his civil rights. Lane seeks monetary damages and injunctive relief.

Lane also filed an application to proceed *in forma pauperis* (Doc. No. 2). That application is granted.

**I.  Background**

Lane's complaint appears to have two claims. The first claim is asserted against Green. Lane indicates Green teaches a class called "Thinking for Change." Lane claims Green was verbally and mentally abusive to students who did not agree with his ideology, forced Lane to participate in mental health skits against his will under threat of being written up for a violation, and repeatedly asked him to leave the classroom but then expected him to complete homework assigned in class that day. Lane alleges Green had classroom rules, including the rule that students

are not permitted to go to the restroom during class time, which allegedly caused Lane to urinate on himself. Lane's second claim is asserted against Oriana House. He claims that Oriana House staff denied him insulin, and he further claims that his blood sugar was very high, causing him to suffer damage to his kidneys and a confused mental state. He asserts that these are all violations of his civil rights.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S.

at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Lane fails to state a claim under 42 U.S.C. § 1983. Although Lane did not identify a particular legal claim he is asserting against the defendants, it appears he may be attempting to assert claims under the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency[.]" *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The Eighth Amendment protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), nor can they "expect the amenities, conveniences and services of a good hotel[.]" *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999) (concurrence) (quoting *Harris*). In sum, the Eighth Amendment affords constitutionally minimum protection against

3

conditions of confinement that constitute health threats, but does not address those conditions that cause the prisoner to feel merely uncomfortable or that cause aggravation or annoyance. *Hudson*, 503 U.S. at 9–10 (requiring extreme or grave deprivation).

In *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

Lane has not alleged any facts suggesting his claims against Green are objectively serious. He claims Green was verbally and mentally abusive to students who do not agree with his ideology. He states Green forced him to participate in class skits against his will, asked him to leave the classroom, and required homework from him on days he was excluded from class. He contends Green refused to allow students to leave the classroom to go to the restroom, causing him to urinate on himself. While these incidents are arguably annoying and embarrassing, they do not present a

serious risk to Lane's health and safety. Verbal harassment and offensive comments do not state an Eighth Amendment claim. *See Ivey*, 832 F.2d at 955; *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Lane's claim that Oriana House staff members are denying him insulin does present an objectively serious deprivation that could pose a significant risk to his health. Alleging a serious deprivation, however, is only the first part of the Eighth Amendment inquiry. Lane must also allege that the defendant acted with a sufficiently culpable state of mind. The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302–03. Deliberate indifference "entails something more than mere negligence[.]" *Farmer*, 511 U.S. at 835 (citing cases). This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253–55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837).

Here, Lane names the entire staff at Oriana House as a collective defendant without identifying anyone in particular who made decisions that denied him his medication. To hold an individual within that organization responsible for a constitutional violation, Lane must allege facts suggesting that the individual was personally responsible for actions that form the basis of that constitutional claim. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Simply naming Oriana House staff is not sufficient to hold any individual employee personally liable. To hold the organization liable, Lane must allege facts suggesting that the organization itself, and not its employees acting on their own, committed the actions. That means Lane must to point to a policy

5

or custom of Oriana House that employees followed when denying him insulin. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Lane does not include any facts suggesting that he was not given insulin due to a policy or custom of Oriana House. Lane, therefore, has not met the pleading requirements for the subjective component of an Eighth Amendment claim.

Finally, to the extent Lane intended to assert a claim other than one under the Eighth Amendment, he failed to do so. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required "to conjure up questions never squarely presented to them[ . . . or] to construct full blown claims from sentence fragments[.]" *Beaudett*, 775 F.2d at 1278. To do so would "requir[e] . . . [the] courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. The facts alleged by Lane do not readily suggest that he may have another claim.

## IV. Conclusion

For all the foregoing reasons, Lane's motion to proceed *in forma pauperis* (Doc. No. 3) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith. Lane's motion for a protection order (Doc. No. 2) and defendants' motion to dismiss (Doc. No. 5) are denied as moot.

**IT IS SO ORDERED**.

Dated: January 6, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**